AKBAR–EL, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION et al., Appellees.

[Cite as *Akbar–El v. Ohio Dept. of Rehab. & Corr.* (1998), 126 Ohio App.3d 644.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE09–1180.

Decided March 19, 1998.

*Ali A. Akbar–El, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

———————

TYACK, Judge.

On October 21, 1996, Ali A. Akbar–El ("appellant"), an inmate incarcerated in the Chillicothe Correctional Institution, filed a *pro se* complaint in the Franklin County Court of Common Pleas, naming as defendants the "Ohio Department of Corrections," the Chillicothe Correctional Institution, and the "Office of the Ohio Attorney General[,] Corrections Litigation Section." In his complaint, appellant essentially sought declaratory and injunctive relief as a result of alleged infringements upon his religious freedoms. Specifically, appellant sought redress for the penal system's alleged failure to recognize his "legal" Muslim name.

Appended to the complaint as "Exhibit E" is a judgment entry journalized in the Cuyahoga County Probate Court on September 12, 1988, ordering that appellant's name be changed from Ronald Scheel[s] to Ali Abdullah Akbar–El. According to allegations set forth in his complaint, appellant was recognized by the latter, "legal" name "until November of 1993," when certain official records were "back-dated" or otherwise altered "to remove the legal name of 'Akbar or Akbar–El' * * * and re-recorded * * * under a name that a court of law had ordered changed for Religious reasons." The referenced "Exhibit H" is a document entitled "Update/Correction of Inmate File" dated November 29, 1994, which indicates the appellant's name as being "Ronald Scheels." [1] Other exhibits appended to the complaint include copies of prison-issued identification cards and other official documents dating back as far as 1969, all of which identify appellant by his preferred Muslim name.

On May 22, 1997, a motion to dismiss was filed on behalf of the defendants. Pursuant to Civ.R. 12(B), the motion was converted to a motion for summary judgment. The defendants were granted leave until June 20, 1997, to submit evidentiary materials in conformance with Civ.R. 56. In turn, appellant was

———————

1. Another document contained in the record arguably explains the reason for the "update/correction" of appellant's name. In a memorandum dated November 21, 1994 to the prison record office supervisor from the chief of the Bureau of Records Management, the subject of inmates who have "legally changed their names" is addressed. Appellant is among the five inmates listed. The memo states that although an inmate "can change his name legally at any time * * * *[,] the name that is on his court document [*i.e.,* the inmate's commitment papers] is the name that he will be listed under during his incarceration." The memo directs the record office supervisor to change existing records accordingly and further states that "[a]nything else will be listed as an alias."

given until July 7, 1997 to file any documents in opposition. Finally, a non-oral hearing date of July 14, 1997 was scheduled.

The trial court ultimately granted defendants' motion for summary judgment in a decision and entry journalized August 29, 1997.

Appellant has timely appealed, assigning five errors for our consideration:

"Assignment of Error No. I:

"The trial court erred to the prejudice of the plaintiff–appellant in violation of due process of law by converting the motion to dismiss of the defendants– appellees into a motion for summary judgment when the motion was not before the court properly according to Rules of Civil Procedure and Ohio Statutes, as well as the local rules of the Court of Common Pleas for Franklin County, Ohio.

"Assignment of Error No. II:

"The trial court erred to the prejudice of the plaintiff–appellant in supplying a nontextual remedy to a vague and [un]duly overbroad statute.

"Assignment of Error No. III:

"The trial court erred to the prejudice of the plaintiff–appellant when it dismissed his complaint for declaratory and injunctive relief since his claim was based upon a right acquired in a special statutory proceeding which Revised Code Section 1.58 allowed continual relief for the obstruction of.

"Assignment of Error No. IV:

"The trial court erred to the prejudice of the plaintiff–appellant in violation of Article [II], Section 28, of the Ohio Constitution in applying Revised Code Section 2969.25 to grant the defendants–appellees summary judgment.

"Assignment of Error No. V:

"The trial court abused its discretion in granting summary judgment to the defendants–appellees as a matter of law when the plaintiff–appellant's pleadings clearly established material facts and issues supported by documents and statutory prohibitions."

Since the substance of appellant's collective assignments of error essentially attacks the propriety of the trial court's grant of summary judgment, we address the arguments jointly.

Preliminarily, we address the propriety of the trial court's conversion of the motion to dismiss to one seeking summary judgment. Civ.R. 12(B) provides:

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading[s] and such matters are not excluded by the court, the motion shall be treated as a motion for summary

judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

■ Based upon the record before us, the trial court acted well within its authority, as specifically sanctioned by Civ.R. 12(B), in converting the dismissal motion to a summary judgment motion. Accordingly, we turn now to the merits of the grant of summary judgment.

In an effort to curtail a significant increase of purportedly vexatious, meritless, and costly lawsuits commenced by Ohio prisoners, the state legislature enacted several new laws effective October 17, 1996. R.C. 2969.25 speaks specifically to the requirements with which an inmate must comply upon the filing of such a lawsuit. R.C. 2969.25 provides, *in toto:*

"(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate *shall file with the court an affidavit* that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit *shall* include all of the following for each of those civil actions or appeals:

"(1) A brief description of the nature of the civil action or appeal;

"(2) The case name, case number, and the court in which the civil action or appeal was brought;

"(3) The name of each party to the civil action or appeal;

"(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

"(B) If an inmate who files a civil action in a court of common pleas, court of appeals, county court, or municipal court or in the supreme court or an inmate who files an appeal from a judgment or order in a civil action in any of those courts has filed three or more civil actions or appeals of civil actions in a court of record in this state in the preceding twelve months or previously has been subject to the review procedure described in this division, the court may appoint a member of the bar to review the claim that is the basis of the civil action or the issues of law that are the basis of the appeal and to make a recommendation regarding whether the claim asserted in the action or the issues of law raised in

the appeal are frivolous or malicious under section 2969.24 of the Revised Code, any other provision of law, or rule of court.

"(C) If an inmate who files a civil action or appeal against a government entity or employee sees a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

"(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

"(2) A statement that sets forth all other cash and things of value owned by the inmate at that time." (Emphasis added.)

As indicated above, R.C. 2969.25 became effective October 17, 1996. Appellant's complaint was filed on October 21, 1996. Accordingly, appellant was required to comply with the new statutory mandates. Appellant failed to file the affidavit required by division (A), one containing a description of prior civil actions, if any, filed by him during the preceding five years. Significantly, we note that appellant was given ample opportunity to comply—until the July 7, 1997 deadline established by the court to file any documents in opposition to those filed by the defendants in support of the motion for summary judgment.

Based upon appellant's undisputed failure to comply with the affidavit requirements, the trial court concluded that there existed no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. Therefore, pursuant to Civ.R. 56(C), the defendants were granted summary judgment.

In *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242, the Supreme Court of Ohio recently upheld the dismissal of an inmate's mandamus action due to the inmate's failure to comply with "mandatory requirements" of R.C. 2969.25. Specifically, the inmate failed to file the affidavit required by R.C. 2969.25(A).

Given the foregoing, we cannot say that the trial court erred in granting summary judgment to the defendants. Notwithstanding the opportunities to do so afforded him by the trial court, appellant knowingly failed to file the mandatory affidavit.

The assignments of error are overruled.

Having overruled the assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and LAZARUS, JJ., concur.