OPINION
The plaintiff-appellant, Dennis J. Mills ("appellant"), appeals the judgment of the Shelby County Court of Common Pleas, dismissing his declaratory judgment action. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On September 7, 1993, the appellant pled guilty to one count of abduction, a felony of the third degree, and was sentenced to an indefinite sentence of not less than five (5) years nor more than ten (10) years imprisonment. On August 31, 2000, the appellant filed a declaratory judgment action seeking immediate release from incarceration in the Shelby County Court of Common Pleas. The appellant alleged that the Ohio Department of Rehabilitation and Corrections ("ODRC") had breached a plea agreement that he had entered into with the State of Ohio by holding him past his maximum sentence. The appellant believes he is entitled to have his earned and good time credit deducted from his maximum sentence, resulting in his sentence expiring on September 7, 2000. On October 18, 2000 the ODRC filed a motion to dismiss, which was granted by the trial court on November 22, 2000. The trial court explained that R.C. 2967.19 makes it clear that good time credit and earned credit is deducted only from the prisoner's minimum sentence and not his maximum term as alleged by the appellant. Good time only works to advance a prisoner's parole eligibility date and does not effect the maximum term. It is undisputed that the appellant was sentenced to a maximum term of ten years imprisonment, which has yet to expire. The trial court concluded that the appellant's claim failed as a matter of law and dismissed the appellant's complaint pursuant to Civ.R. 12(B)(6).
It is from this judgment that the appellant now appeals, asserting four assignments of error.
Assignment of Error Number 1
The trial court erred in dismissing the complaint filed for a declaratory judgment.
Assignment of Error Number 2
The trial court erred in not defining the contract in dispute, authorized by that court, and agreed upon by the State of Ohio, of which, this appeal is borne.
Assignment of Error No. 3
The court erred in not declaring the rights of the Plaintiff-Appellant.
Assignment of Error Number 4
The court erred by not ruling on all the actions brought before it by the Plaintiff- Appellant.
In the interest of clarity and brevity, the appellant's assignments will be addressed simultaneously.
Before addressing the merits of the appellant's allegations, it is necessary to set forth the standard of review in this matter. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prod. (1995), 101 Ohio App.3d 760,762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. UniversityCommunity Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the non-moving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
The appellant's complaint is based upon his belief that he is entitled to have earned and good time credit deducted from his maximum sentence. Pursuant to former R.C. 2967.19[1], a prisoner who faithfully observed the prison rules could receive a thirty percent deduction in the time he had to spend in prison before he was eligible for parole. Importantly, former R.C. 2967.19 referred to the reduction of a "minimum or definite" term of imprisonment and, thus, does not reduce the maximum term of an indefinite sentence. Elkins v. Holland (Mar. 23, 1995), Allen App. No. 1-94-83, unreported. This interpretation was clearly intended by the legislature, as demonstrated by the committee comment to H.B. No. 511, wherein the committee noted the following:
 This section retains existing formulae for determining the number of days by which a prisoner in the penitentiary is entitled, by virtue of good behavior, to have his minimum sentence reduced and his date for parole consideration accordingly advanced.
 Id.; see also, State ex. rel. Cannon v. Ohio State Dept. of Rehabilitation and Correction (Oct. 31, 2000), Franklin App. No. 00AP-327, unreported.
The law is clear that good time and earned credit is only deducted from the minimum sentence. The appellant admits that he was sentenced to an indefinite term of not less than five (5) years nor more than ten (10) years imprisonment. As the maximum term of ten years has yet to expire, the trial court was correct in holding that the appellant's claim that he is serving time beyond his maximum sentence fails as a matter of law.
Furthermore, R.C. 2969.25 states in pertinent part, as follows:
 (A) At the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51
of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
 The provisions of R.C. 2969.25(A) are mandatory in nature. Failure to comply with R.C. 2969.25(A) is cause for dismissal. State ex. rel. Alford v. Winters
(1997), 80 Ohio St.3d 285; Akbar-El v. Ohio Dept. of Rehabilitation and Corrections, et al. (1998), 126 Ohio App.3d 644. A review of the record reveals that the appellant has failed to comply with the mandates of R.C. 2969.25. While the trial court did not address this issue, this also provides a basis for the dismissal of the appellant's complaint for declaratory judgment.
For the reasons set forth above, the appellant's four assignments of error are not well-taken and are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
[1] R.C. 2967.19 was repealed by S.B. 2, effective July 1, 1996. As the appellant was sentenced prior to S.B. 2, the provisions of R.C. 2967.19
are applicable to his sentence.
 __________________ HADLEY, J.