OPINION AND JOURNAL ENTRY
{¶ 1} Petition for Writ of Habeas Corpus was filed on May 27, 2003 asserting illegal and unconstitutional restraint in violation of theEighth Amendment to the United States Constitution, Article I, Section 9
of the Ohio Constitution and Rule 46 of the Ohio Rules of Criminal Procedure. Petitioner was detained by Respondent awaiting further proceedings, after this Court vacated Petitioner's plea in Common Pleas Case No. 01CR396 and ordered the cause remanded. (State v. Daniel Tucci, 7th Dist. No. 01CA234, 2002-Ohio-6903).
 {¶ 2} Petitioner asserts that he originally had posted bond in the amount of Twelve-Thousand Dollars ($12,000.00), at ten percent, and was free on bond until the date of sentence. He further asserts that the trial court has not acted on his motion for bond pending the criminal proceedings against him. Subsequent to the filing of the petition, on June 3, 2003, the trial court overruled the motion to set bond.
 {¶ 3} On June 13, 2003 Respondent filed a motion to dismiss this petition, arguing fatal procedural defects. Respondent contends that Petitioner has failed to present any Crim.R. 46 relevant factors which would demonstrate entitlement to bond, and more importantly, that Petitioner has failed to comply with R.C. 2969.25 in filing this habeas petition.
 {¶ 4} Under R.C. 2969.25(A):
 {¶ 5} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
 {¶ 6} Petitioner herein has not filed an affidavit in compliance with the statute. Failure to comply with the mandatory requirements of R.C. 2969.25 is cause for dismissal. State ex rel. Zanders v. Ohio ParoleBd. (1988), 82 Ohio St.3d 421; Ali A Akbar-El v. Ohio Dept. ofRehabilitation and Corrections, et al. (1998), 126 Ohio App.3d 644.
 {¶ 7} While counsel for Petitioner has appended an affidavit verifying the allegations of the petition, the affidavit required by statute has not been submitted. Moreover, Petitioner has not taken any curative action in response to the Respondent's motion to dismiss.
 {¶ 8} Accordingly, the petition is dismissed for failure of Petitioner to comply with the mandatory requirements of R.C. 2969.25(A) and for the further reason that Petitioner has been granted judicial release.
 {¶ 9} Costs of this action taxed against Petitioner.
 {¶ 10} Final order. Clerk to serve notice as provided in the civil rules.
Donofrio, J., concurs
Waite, P.J., concurs
DeGenaro, J., concurs