MEMORANDUM OPINION
{¶ 1} Plaintiff-appellant, Donald B. Hall, appeals the judgment of the Trumbull County Court of Common Pleas, granting defendant-appellee, Dennis Watkins' motion to dismiss Hall's petition for declaratory judgment action against Watkins, which sought a declaration that the State's imposition of the revised parole guidelines to his case breached his plea agreement and rendered it null and void.
 {¶ 2} Hall is currently incarcerated at the Marion Correctional Institute, where he is serving an indeterminate sentence of ten to twenty-five years pursuant to a conviction arising from his guilty plea to three counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b). See State v. Hall, 11th Dist. No. 2003-T-0114, 2004- Ohio-6471.
 {¶ 3} Between 1996 and 2001, Hall filed various motions with the trial court to withdraw his guilty plea or to have his plea vacated, all of which were denied. See Id.; State v. Hall, 11th Dist. No. 2001-T-0124, 2002-Ohio-4704.
 {¶ 4} On December 8, 1998, eighty one months after the imposition of Hall's sentence and nine months after the Ohio Adult Parole Authority's [APA] adoption of revised parole guidelines, Hall received his first parole hearing. The new guidelines required that the APA assign Hall an offense category score based upon the nature of the offenses to which he pled guilty. Because of the seriousness of the offenses, the APA denied Hall parole and classified him as a Category 10/Risk 1 offender, thereby delaying his eligibility for his next parole hearing until an additional 120 to 180 months had passed. Hall, 2004-Ohio-6471, at ¶ 12, n. 1.
 {¶ 5} On December 18, 2002, the Ohio Supreme Court decided Layne v.Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, which addressed the APA's revisions to the parole guidelines. On June 25, 2003, Hall filed another motion to withdraw his guilty plea with the trial court, requesting an evidentiary hearing on the motion.
 {¶ 6} Relying on the Layne decision, Hall's motion argued that the State, through the Parole Board, breached his plea agreement by denying "his statutory parole consideration [and] * * * effectively resentenc[ing] him to a term not anticipated by his plea bargain, [the trial] court's sentencing journal entry, legislative intent or statute." Hall,2004-Ohio-6471, at ¶ 17. The trial court denied Hall's motion on July 31, 2003. Hall subsequently appealed the trial court's judgment to this court. Id. at ¶ 19-23. We affirmed the judgment of the trial court. Id. at ¶ 58.
 {¶ 7} On December 7, 2005, Hall, acting in a pro se capacity, then petitioned the trial court for a declaratory judgment, pursuant toLayne, 2002-Ohio-6719 and Ankrom v. Hageman, 10th Dist. Nos. 04AP-1002 et al., 2005-Ohio-1546.[1]
 {¶ 8} In this petition, which named Watkins as a defendant in his official capacity as Trumbull County Prosecutor, Hall argued that the State breached its plea agreement by imposing the revised parole guidelines to his case, and by so doing, violated his constitutional, contract and statutory rights, thus granting him the ability to withdraw his guilty plea.
 {¶ 9} On January 6, 2006, Watkins filed a motion to dismiss, which was granted by the trial court.
 {¶ 10} Hall appeals, asserting the following as error:
 {¶ 11} "To the prejudice of the appellant, the trial court committed plain error, abused it's [sic] discretion and violated appellant's due process rights and equal protection rights under state and federal laws, state and federal case law, the Eighth and Fourteenth Amendments to the United States Constitution and Article One of the Ohio Constitution when on February 13, 2006, the Trumbull County Court of Common Pleas granted the defendant-appellee's motion to dismiss."
 {¶ 12} Watkins initially raises the issue of this court's jurisdiction, arguing that Hall's appeal is subject to dismissal for failure to comply with the requirements of R.C. 2969.25. We agree.
 {¶ 13} The statute states as follows: "At the time that an inmatecommences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A) (emphasis added).
 {¶ 14} It is well-settled that R.C. 2969.25 applies to civil actions.State ex rel Sherrils v. Clerk of Courts of Franklin Cty. Court ofCommon Pleas, 92 Ohio St.3d 402, 403, 2001-Ohio-211 (citations omitted). "Declaratory judgment is a civil action that provides a remedy to determine the applicability or meaning of a constitutional provision, statute, rule, deed, will, or written agreement." Poluka v. Adult ParoleAuth., 10th Dist. No. 02AP-484, 2003-Ohio-153, at ¶ 10, citing R.C.2721.03. A county prosecutor is unquestionably a government employee for the purposes of the statute. See R.C. 2969.21(C) ("`Employee' means an officer or employee of * * * a political subdivision who is acting under color of state law."); R.C. 2969.21(F) ("`Political Subdivision' means a county * * *; the office of an elected officer of a county * * * or other instrumentality of a county.").
 {¶ 15} The requirement to file an affidavit pursuant to R.C.2969.25(A) is jurisdictional in nature. State ex rel. Wartenbe v. OhioAdult Parole Auth., 10th Dist. No. 03AP-922, 2004-Ohio-3937, at ¶ 4; see also, Akbar-El v. Ohio Dept. of Rehab. and Corr. (1998),126 Ohio App.3d 644, 648, citing State ex rel. Alford v. Winters, 80 Ohio St.3d 285,286, 1997-Ohio-117 (the affidavit requirement of R.C. 2969.25(A) is "mandatory" and failure to comply will result in dismissal of the action).
 {¶ 16} A review of the record indicates that, while Hall filed the required R.C. 2969.25(A) affidavit, he failed to file an affidavit upon the commencement of this appeal. Thus, he has failed to comply with the mandatory requirements of the statute, and dismissal of his appeal is appropriate. See R.C. 2969.21(B)(1)(b) and (B)(1)(a) ("`[A]ppeal against a government entity or employee' means * * * [a]n appeal of the judgment or order in a civil action [commence[d] against * * * a political subdivision, or an employee of * * * a political subdivision in a court of common pleas] that an inmate files in a court of appeals").
 {¶ 17} Even without the jurisdictional failure of the case, Hall's claims would necessarily fail.
 {¶ 18} Watkins moved for dismissal of the complaint under Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. The proper standard of appellate review of the trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6) is de novo.Piispanen v. Carter, 11th Dist. No. 2005-L-133, 2006-Ohio-2382, at ¶ 10; Harris v. Ohio Adult Parole Auth., 10th Dist. Nos. 05AP-451, 04CVH-5489, 2005-Ohio-5166, at ¶ 6.
 {¶ 19} The sole means provided for the withdrawal of guilty pleas is found in Crim.R. 32.1, which provides, in relevant part, that "thecourt * * * may * * * permit the defendant to withdraw his or her plea." (Emphasis added). Under the plain terms of the rule, a county prosecutor possesses no authority to effectuate the withdrawal of a valid sentence, and is, therefore, not a proper party to this action.
 {¶ 20} Moreover, as should be self evident, the criminal rules only apply "in the exercise of criminal jurisdiction." Crim.R.1(A) (emphasis added). Hall cannot, as a matter of law, compel the withdrawal of his guilty plea via a declaratory judgment action since, as mentioned earlier, an action for declaratory judgment is a purely civil action.
 {¶ 21} Finally, in Hall's earlier appeal, this court held that withdrawal of a plea "is not a valid remedy to challenge the constitutionality of the parole guidelines as applied." 2004-Ohio-6471, at ¶ 58. In so holding, this court concluded that "a civil declaratory judgment action is the proper remedy" where Hall sought "to challenge the constitutionality of parole guidelines as applied or to compel the parole board to comply with Layne * * * and proper jurisdiction would be in Franklin County or Lorain County, Ohio." 2004-Ohio-6471, at ¶ 54
(emphasis added). "[T]he remedy of a claimed breach of a plea agreement by the APA `is not to unravel [a] plea bargain which, if it were done[,] would subject [a defendant] to the risk of a new indictment * * * and the possibility of a longer sentence.'" Id. at ¶ 53, citing State v.Stephens, 1st Dist. No. C020683, 2003- Ohio-6193, at ¶ 8. Accordingly, the issue of the proper remedy for this alleged violation is res judicata.
 {¶ 22} For the foregoing reasons, this appeal is hereby dismissed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur.
[1] Appellees in Ankrom were inmates "serving indeterminate sentences under the criminal sentencing laws that were in effect before S.B. No. 2 became effective on July 1, 1996," who thus were subject to having their release dates determined by the APA. 2005-Ohio-1546, at ¶ 2. The case was subsequently certified a class-action, in which the class consisted of "all parole eligible Ohio prison inmates who pled guilty or no contest to lesser or fewer offenses than from those for which they were indicted." Id. at ¶ 5. All members of the class were subsequently barred "from commencing like actions against the APA." Id. Neither party disputes that Hall was a member of this class. Hall acknowledges that he was subject to the court's order, but argues that this action is permissible, since it was not filed against the APA and raises an issue distinct from that addressed in Ankrom.