[Cite as *State v. Triplett*, 2011-Ohio-4628.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA35 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Steven R. Triplett, | : | **RELEASED 08/25/11** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

David Reid Dillon, South Point, Ohio, for appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, for appellee.
_____
Harsha, P.J.

{¶1}    Steven R. Triplett appeals from his convictions in Lawrence County for aggravated robbery and aggravated burglary.  Triplett argues that the court failed to properly inform him of mandatory post-release control at his sentencing hearing. Because the trial court informed Triplett that he "may", rather than "shall", be subject to a period of post-release control upon his release from prison, we agree.  Next, Triplett argues that the court erred by imposing a non-minimal sentence.  However, sentencing courts possess discretion to impose any sentence within the permissible range of sentences. Moreover, Triplett's sentence was jointly recommended and is authorized by law, so R.C. 2953.08(D)(1) precludes our review.  Next Triplett contends that the trial court violated his rights under the Double Jeopardy Clause by imposing post-release control sanctions.  However, post-release control is not part of the "actual sentence" and thus does not implicate the Double Jeopardy Clause.  Finally, Triplett contends that the

court erred by failing to merge his convictions because they were allied offenses of similar import. Triplett failed to raise this argument at sentencing and is limited to plain error review on appeal. Because at the time of sentencing it was well-settled law that aggravated robbery and aggravated burglary are not allied offenses, Triplett cannot demonstrate plain error.

## I. Summary of the Case

{¶2}   In December 2009, a Lawrence County grand jury indicted Triplett on one count of aggravated robbery and one count of aggravated burglary. In a pre-indictment complaint and affidavit, the state alleged that Triplett trespassed into the victims' home with a metal bar when they were sleeping and then demanded money and medication. After plea negotiations, Triplett pleaded guilty to both counts in February 2010. After the court accepted Triplett's pleas, the state recommended the court impose an eight-year sentence on each count, to be served concurrently. Triplett's counsel confirmed that this recommendation represented Triplett's plea negotiations. The court followed the state's recommendations and sentenced him accordingly. In August 2010, Triplett filed a motion to seek a delayed appeal, which we granted.

## II. Assignments of Error

I.  THE TRIAL COURT ERRED IN FAILING TO ADVISE DEFENDANT-APPELLANT OF THE MANDATORY NATURE OF POST-RELEASE CONTROL AT HIS SENTENCING HEARING, IN VIOLATION OF RC 2929.19(B)(3)(c).

II.  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING DEFENDANT IN VIOLATION OF DEFENDANT-APPELLANT"S [sic] SIXTH AMENDMENT RIGHTS.

III. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO POST_RELEASE [sic] CONTROL, ON THE GROUNDS THAT THIS VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS.

IV. THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS ONE AND TWO OF THE INDICTMENT AS ALLIED OFFENSES OF SIMILAR IMPORT.

**{¶3}** Triplett submitted assignments of error two and three in an earlier filed pro se brief.  Appointed appellate counsel's subsequent brief lists these assignments but candidly admits they lack merit.  Normally Triplett would not be entitled to dual representation on appeal, i.e., he may not file a pro se brief and a brief filed by appellate counsel.  However based upon the unique posture of this appeal, we will consider the merits of all assignments of error submitted.

III. Post-Release Control Sentencing Error

**{¶4}** In his first assignment of error, Triplett contends the trial court erred by failing to properly notify him of post-release control sanctions at his sentencing hearing. When a court determines that a prison term is necessary at sentencing, R.C. 2929.19(B)(3)(c) requires it to notify the offender of a mandatory term of post-release control for certain felony convictions, including felonies of the first degree.  To comply with this requirement, the Supreme Court of Ohio held that trial courts must actually notify offenders of post-release control sanctions at the sentencing hearing. See *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus (superseded by statute on separate grounds as noted in *Singleton*, infra*).* When a court fails to properly impose post-release control for a particular offense, the offending portion of the sentence is void, must be set aside, and is subject to review and

correction.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶27-29.

{¶5}  The court convicted Triplett of two first-degree felonies.  The state concedes that the trial court informed Triplett that he "may", rather than "shall", be subject to post-release control upon his release.  Our review of the record confirms this.  The state informs us, however, that after Triplett filed a notice of appeal in this case, it asked the trial court to resentence Triplett and provide the required post-release control notification.  And the state attached a new judgment entry time-stamped February 11, 2011, to its brief.

{¶6}  When Triplett perfected his delayed appeal it divested the trial court of jurisdiction over matters inconsistent with our appellate jurisdiction to reverse, modify, or affirm the judgment.  *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, at ¶8 (per curiam).  Although courts retain jurisdiction to correct void sentences, they lose that jurisdiction upon the filing of a notice of appeal to address that error, Lambada Research v. Jacobs, 170 Ohio App. 3d 750, 2007-Ohio-209, 869 N.E. 2d 39, at ¶21, see, also Ford v. Tandy Transportation, Inc., (1192) 86 Ohio App. 3d 364, 383-384, 620 ND 2d 996. Thus, this attempt to correct the sentencing error was a nullity.  We realize under *Fischer* we are authorized to correct some errors without remanding for resentencing.  See *Fischer* at ¶¶ 29 and 30.  However, R.C. 2919.19(B)(3)(c) requires Triplett to receive notice of post-release control at his sentencing hearing.  See *Jordan*, supra.  Because Triplett only received the notice at the "null" hearing in February, we must remand for a valid sentencing hearing at where he can receive this statutorily mandated notice.  Because the trial

court did not provide Triplett with the required notice in open court, we sustain his first assignment of error.

### IV. Non-Minimum Sentence and Double Jeopardy

{¶7} Triplett argues in his second assignment of error that the Sixth Amendment to the United States Constitution precluded the trial court from imposing a non-minimum sentence although the sentence itself was within the statutory range of permissible sentences. However, sentencing courts possess full discretion to impose a sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶100. More importantly, Triplett's sentence was jointly recommended by the defendant and counsel. It also is authorized by law. Thus, it is not subject to appellate review. See R.C. 2953.08(D)(I).

{¶8} In his third assignment of error, Triplett contends that the imposition of post-release control amounts to double punishment for the same offense in violation of the Double Jeopardy clause. But post-release control is a part of the "actual sentence." *Woods v. Telb*, 89 Ohio St.3d 504, 511, 2000-Ohio-171, 733 N.E.2d 1103, overruled on other grounds by *Jordan*, infra. Therefore, its imposition does not implicate Double Jeopardy.

### V. Merger of Convictions

{¶9} In his fourth assignment of error, Triplett contends that the trial court erred by failing to merge his convictions for aggravated robbery and aggravated burglary because they are allied offenses of similar import under R.C. 2941.25(A).

{¶10} However, Triplett failed to object at sentencing to the trial court's failure to merge his offenses and must demonstrate plain error. Crim.R. 52(B) allows us to take notice of plain errors or defects affecting substantial rights even where a defendant fails

to object.  Plain error exists when there is a deviation from a legal rule, the error is obvious on the face of the record, and the error affects a substantial right.  *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶15-17.

**{¶11}**  Triplett argues that merger is required under  the Supreme Court of Ohio's most recent revision of its test for merging criminal convictions in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which was released after the trial court sentenced him.  Triplett fails to explain why under this new test his convictions qualify for merger.  Despite the existence of this new merger test, the law remains that a reviewing court cannot apply plain error review to an alleged error that was not "plain" at the time the trial court committed it.  *State v. Barnes*, 94 Ohio St.3d 21, 28, 2002-Ohio-68, 759 N.E.2d 1240.

**{¶12}**   When the trial court sentenced Triplett in February 2010 the case law was well-settled that aggravated burglary and aggravated robbery are not allied offenses.  See, e.g., *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶¶119-120; *State v. Fears*, 86 Ohio St.3d 329, 344, 1999-Ohio-111, 715 N.E.2d 136; *State v. Reynolds*, 80 Ohio St.3d 670, 681, 1998-Ohio-171, 687 N.E.2d 1358; *State v. Williams*, 74 Ohio St.3d 569, 580, 1996-Ohio-91, 660 N.E.2d 724; *State v. Murphy* (1992), 65 Ohio St.3d 554, 577-578, 605 N.E.2d 884; *State v. Barnes* (1986), 25 Ohio St.3d 203, 207, 495 N.E.2d 922 (per curiam); *State v. Frazier* (1979), 58 Ohio St.2d 253, 256, 389 N.E.2d 1118 (per curiam).  Thus, the plain error doctrine is inapplicable because the trial court applied existing law when sentencing Triplett for both crimes in February 2010.  Accordingly, Triplett has waived this argument on appeal and we need not determine whether *Johnson* has changed the legal landscape in this area.

VI.  Conclusion

**{¶13}** We sustain Triplett's first assignment of error and order him resentenced. To ensure compliance with *Fischer*, supra, and *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163[1], this matter is remanded to the trial court for a resentencing limited to the issue of the proper imposition of post-release control. We overrule Triplett's second, third, and fourth assignments of error.

JUDGMENT REVERSED
AND CAUSE REMANDED.

---

[1] Baker sets out the one-document rule for final appealable orders in criminal cases.

Kline, J., dissenting.

**{¶14}** I respectfully dissent as to the first assignment of error.

**{¶15}** "[T]he Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence." *State v. King*, Cuyahoga App. No. 95233, 2011-Ohio-1079, at ¶7, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19. Therefore, despite this appeal, I believe that the trial court was authorized to correct the void portion of Triplett's sentence at the February 23, 2011 sentencing hearing. And because I do not believe that the February 23, 2011 hearing is a nullity, I would overrule Triplett's first assignment of error.

**{¶16}** I concur in judgment and opinion as to the remaining assignments of error.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Kline, J.:  Dissents with Attached Opinion as to Assignment of Error I; Concurs in
            Judgment and Opinion as to remaining Assignments of Error.

For the Court

BY:  _____
     William H. Harsha
     Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**