[Cite as *State v. Triplett*, **2011-Ohio-5431**.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 11CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Steven R. Triplett, | : | |
| | | **RELEASED: 10/14/2011** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

David Reid Dillon, South Point, Ohio, for appellant.

J.B. Collier, Lawrence County Prosecutor and W. Mack Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for appellee.

_____

Harsha, P.J.

{¶1}   Steven Triplett appeals from the resentencing entry issued by the Lawrence County Common Pleas Court.  Triplett argues that the trial court lacked jurisdiction to resentence him because the appeal of his sentence was pending in this Court.  We agree.  The resentencing hearing was a nullity and the resentencing entry is a void judgment because the trial court lacked jurisdiction over matters inconsistent with our appellate jurisdiction to reverse, modify, or affirm the sentence Triplett appealed.  Accordingly, we reverse.

I.  Summary of the Case

{¶2}   In December 2009, a Lawrence County grand jury indicted Triplett on one count of aggravated robbery and one count of aggravated burglary.  In February 2010, after plea negotiations, Triplett pleaded guilty to both counts.  In August 2010, Triplett filed a motion to seek a delayed appeal, which we granted.

{¶3}    In that appeal, Triplett argued that the court failed to inform him of mandatory post-release control at his sentencing hearing.  We agreed and remanded for a new sentencing hearing.  See *State v. Triplett,* Lawrence App. No. 10CA35, 2011-Ohio-4628.   While that appeal was pending, the court resentenced Triplett, properly notified him of post-release control, and issued a new judgment entry of conviction.  Thereafter, Triplett filed a timely appeal of the resentencing entry.

## II. Assignments of Error

{¶4}    Triplett assigns two errors in this appeal:

I.  THE TRIAL COURT WAS WITHOUT JURISDICTION TO RESENTENCE DEFENDANT WHILE A PRIOR APPEAL WAS STILL PENDING.

II. IF THE TRIAL COURT HAD JURISDICTION, IT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO ALLOW DEFENDANT TO WITHDRAW HIS GUILTY PLEA.

## III. Resentencing after Notice of Appeal

{¶5}    In his first assignment of error, Triplett argues that the court lacked jurisdiction to resentence him while the appeal of his sentence was pending in this Court.  The state argues that, despite the filing of an appeal, the trial court retains jurisdiction to "take action in aid of the appeal" and that it may therefore "rectify the issue on appeal" by resentencing the defendant.

{¶6}    An appellant perfects his appeal by filing the notice of appeal.  R.C. 2505.04.  Once this occurs, the trial court lacks jurisdiction over matters inconsistent with our appellate jurisdiction to reverse, modify, or affirm the judgment.  *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d

1197, at ¶8 (per curiam).  Triplett perfected an appeal of his sentence and the trial court's attempt to modify the sentence on appeal by resentencing him was clearly inconsistent with our appellate jurisdiction to reverse, modify, or affirm the sentence.

{¶7}    Contrary to the state's argument, to "take action in aid of the appeal" does not mean that the trial court may "rectify" the very issue on appeal when it realizes that the appellant's argument is correct.  "[T]he determination as to the appropriateness of an appeal lies solely with the appellate court." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶10.  A trial court has no authority to determine the validity or merit of an appeal. Id.  Consequently, the resentencing hearing was a nullity and the new sentencing entry constitutes a void judgment.  Id. at ¶15.

## IV. Remaining Assignment of Error

{¶8}    In his second assignment of error, Triplett argues, in the alternative, that if the trial court had jurisdiction to resentence him, it erred by refusing to allow him to withdraw his guilty plea.  Our disposition of his first assignment of error renders this argument moot.  App R. 12(A)(1)(c).

## V.  Conclusion

{¶9}    The trial court lacked jurisdiction to resentence Triplett while the appeal of his sentence was pending in this Court.  Therefore, the resentencing hearing was a nullity, the entry constituted a void judgment, and we reverse the judgment of the trial court.

JUDGMENT REVERSED
AND CAUSE REMANDED.

Kline, J., dissenting.

{¶10}  I respectfully dissented as to the first assignment of error in *State v. Triplett*, Lawrence App. No. 10CA35, 2011-Ohio-4628.  And for the same reasons, I respectfully dissent in the present case.

{¶11}  Here, I continue to believe that the trial court was authorized to correct the void portion of Triplett's sentence at the February 23, 2011 sentencing hearing. Therefore, I respectfully dissent and would address Triplett's second assignment of error.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

McFarland, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Attached Dissenting Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**