[Cite as *State v. Blevins*, 2012-Ohio-573.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3431 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ALONZO BLEVINS, | : | |
| | : | **RELEASED 01/30/12** |
| | | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Julie Cooke Hutchinson, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.
_____
Harsha, J.

{¶1}  In 2010 Alonzo Blevins was convicted of possession of chemicals for the manufacture of methamphetamine and possession of methamphetamine.  When Blevins appealed, we reversed his conviction for possession of methamphetamine and remanded the matter for the sole purpose of having the trial court discharge Blevins on that charge.  However, the trial court interpreted our decision as an order to resentence Blevins on the possession of chemicals charge, and Blevins appeals his new sentence. His appointed counsel has reviewed the record of the resentencing hearing and informed the court that he can discern no meritorious claims for appeal.  Accordingly, under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel has moved to withdraw and presented us with one potential assignment of error related to whether the court "abused its discretion" in selecting Blevins' new sentence.

However, we neither vacated Blevins' sentence for possession of chemicals nor instructed the trial court to resentence him on that charge. Because the trial court lacked jurisdiction to resentence Blevins for that crime, the May 27, 2011 judgment entry is void to the extent the trial court purports to resentence Blevins for possession of chemicals.

## I.  Facts

{¶2}   Following a jury trial, Blevins was convicted of possession of chemicals for the manufacture of methamphetamine and possession of methamphetamine.  Blevins appealed, raising various assignments of error.  We affirmed his conviction for possession of chemicals but concluded that his conviction for possession of methamphetamine was against the manifest weight of the evidence.  *State v. Blevins*, Scioto App. No. 10CA3353, 2011-Ohio-3367.  We remanded so that the trial court could discharge Blevins on the possession of methamphetamine charge.  Id. at ¶34.  On remand, the trial court held a resentencing hearing and issued a judgment entry in which it dismissed the possession of methamphetamine charge and resentenced Blevins on the possession of chemicals charge.  This appeal followed.

## II.  Potential Assignment of Error

{¶3}   In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal.  *Anders*, supra, at 744.  Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses.  Id.  Once these requirements have

been satisfied, the appellate court must then fully examine the proceedings below to determine if an arguably meritorious issue exists. Id. If so, the court must appoint new counsel and decide the merits of the appeal. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.

{¶4} Here, appointed counsel satisfied the requirements set forth in *Anders*. Blevins has not filed a pro se brief setting forth additional potential assignments of error. Accordingly, we will examine appointed counsel's potential assignment of error and the entire record to determine if this appeal is wholly frivolous. Appointed counsel raises the following potential assignment of error:

I. MR. BLEVINS WAS IMPROPERLY SENTENCED.

### III. Resentencing

{¶5} In his sole potential assignment of error, appointed counsel suggests that the trial court may have abused its discretion when it selected Blevins' sentence for the possession of chemicals charge. However, we see an obvious jurisdictional flaw in the court's resentencing. "The decision of a court of appeals is the law of the case binding upon a trial court on remand." *Haley v. Rural Cellular* (Mar. 13, 1997), Cuyahoga App. No. 70382, 1997 WL 113750, at *3, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390. "The trial court is without authority to extend or vary the mandate given." Id., citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410.

{¶6} In his original appeal, Blevins unsuccessfully challenged his conviction for possession of chemicals. We neither vacated Blevins' sentence for that charge nor

remanded so that the trial court could resentence him on it. Our opinion stated: "We reverse his conviction for possession of methamphetamine and remand so that the trial court can discharge Blevins on that charge." *Blevins*, supra, at ¶34. We clearly remanded this case for the sole purpose of having the trial court discharge Blevins on the possession of methamphetamine charge. Admittedly the trial court imposed the same prison sentence as before. However, the trial court lacked jurisdiction to resentence Blevins for possession of chemicals because we did not remand for that purpose. See *Haley* at *3; *State v. O'Neal*, Medina App. No. 06CA0056-M, 2008-Ohio-1325, at ¶13. Therefore, the May 27, 2011 judgment entry constituted a void judgment to the extent the court purports to resentence Blevins for possession of chemicals. See generally *State v. Triplett*, Lawrence App. No. 11CA3, 2011-Ohio-5431, at ¶9.

{¶7} We recognize that normally under *Anders* if we find that a nonfrivolous issue for appeal exists, we are to appoint new counsel for the appellant and afford new counsel the opportunity to argue on appeal. *Anders*, supra, at 744. However, given the trial court's obvious jurisdictional flaw in resentencing Blevins, we conclude that judicial economy favors an immediate decision on the merits. See generally *State v. Hilderbrand*, Adams App. No. 08CA864, 2008-Ohio-6526, at ¶26. Accordingly, we grant appellate counsel's motion to withdraw. We reverse the trial court's judgment to the extent that it resentenced Blevins on possession of chemicals because the initial sentence remains law of the case. The remainder of the judgment is affirmed.

JUDGMENT REVERSED IN PART
AND AFFIRMED IN PART.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED IN PART AND AFFIRMED IN PART.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**