[Cite as *State v. Triplett*, 2012-Ohio-4529.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA24 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| STEVEN R. TRIPLETT, | : | |
| | : | **RELEASED 09/19/12** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Philip J. Heald, Ironton, Ohio, for appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and W. Mack Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for appellee.
_____

Harsha, J.

{¶1}     Steven Triplett appeals from the trial court's judgment entered on remand from this Court to correct the erroneous imposition of postrelease control in his original sentence. Before the court entered this judgment, Triplett moved to withdraw his guilty pleas based on the court's failure to properly explain postrelease control to him before accepting the pleas. He contends that the court erred when it denied this motion without a hearing because his original sentence was void in its entirety, making his request a pre-sentence motion to withdraw his plea.

{¶2}     However, in Triplett's first appeal we only invalidated that portion of his sentence related to postrelease control; the trial court's determination of guilt and other portions of the original sentence remain intact. Regardless of how Triplett characterizes his motion to withdraw, the court lacked jurisdiction to consider it because we remanded

the matter solely for the proper imposition of postrelease control. And even if the trial court had jurisdiction, the court correctly determined that res judicata precluded it from granting the motion because Triplett could have challenged his plea in his first appeal based on an insufficient plea colloquy. Accordingly, we affirm the trial court's judgment.

## I. Facts

{¶3}    In 2010, Triplett pleaded guilty to one count of aggravated robbery and one count of aggravated burglary. After Triplett raised a number of complaints on appeal, we rejected all of his arguments except his contention that the trial court failed to properly notify him about postrelease control. We recognized that the trial court attempted to correct its mistake in a resentencing entry after Triplett filed his notice of appeal. However, we held that the court lacked jurisdiction to issue the entry at that time and declared it a nullity. *State v. Triplett*, 4th Dist. No. 10CA35, 2011-Ohio-4628, ¶ 5-6 ("*Triplett I*"). *See also State v. Triplett*, 4th Dist. No. 11CA3, 2011-Ohio-5431 ("*Triplett II*"). Therefore, we remanded the matter to the trial court for the proper imposition of postrelease control. *Triplett I* at ¶¶ 6, 13. On remand, Triplett orally moved to withdraw his guilty pleas based on the trial court's failure to properly explain postrelease control before accepting the pleas. The court denied the motion based on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and the doctrine of res judicata. After the court gave Triplett postrelease control notifications orally and via a judgment entry, this appeal followed.

## II. Assignment of Error

{¶4}    Triplett assigns one error for our review:

I.      THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT RECOGNIZING STEVEN TRIPLETT'S MOTION TO WITHDRAW

HIS GUILTY PLEA AS A PRE-SENTENCE MOTION PURSUANT TO CRIM.R. 32.1, AND THEREFORE NOT AFFORDING MR. TRIPLETT THE OPPORTUNITY TO PRESENT EVIDENCE AND TESTIMONY IN SUPPORT OF SAID MOTION.

### III.  Motion to Withdraw Guilty Pleas

**{¶5}**   In his sole assignment of error, Triplett contends that the trial court erred when it denied his motion to withdraw his guilty pleas.  He claims that in *Triplett I*, this court declared his original sentence void in its entirety.  Therefore, he contends that the trial court should have treated his request as a pre-sentence motion to withdraw his pleas and conducted a hearing to determine whether he had a reasonable and legitimate basis for withdrawing his pleas.

**{¶6}**   Triplett cites *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, in support of his argument.  Boswell pleaded guilty to various offenses in 2000.  He filed two motions for a delayed appeal but both were denied.  More than five years after sentencing, he filed a motion to vacate his plea, arguing the court failed to properly advise him on postrelease control at the change of plea hearing.  The trial court granted the motion without opinion and vacated the plea.  The state appealed and the court of appeals affirmed, holding that the trial court "had not substantially complied with Crim.R. 11(C)(2)(a) and R.C. 2943.032 at the sentencing hearing, because it did not advise Boswell of the maximum penalty for his crimes before he entered his guilty plea." *Boswell* at ¶ 4.  The Supreme Court "accepted the state's discretionary appeal, which asserted that the court of appeals improperly applied the substantial-compliance analysis by failing to require Boswell to demonstrate that he had been prejudiced by the inaccurate plea colloquy." *Id.*

{¶7}   The Supreme Court did not reach the state's argument on the prejudice requirement because it determined that compliance with Crim.R. 11 was not the controlling issue.  Instead, the real question was whether Boswell's motion constituted a pre-sentence or post-sentence motion to withdraw.  The Court explained that Boswell's original sentence was void in its entirety because the trial court failed to properly impose postrelease control.  Therefore, the trial court should have treated Boswell's motion as a pre-sentence motion to withdraw his pleas and conducted a hearing to determine whether he had a reasonable and legitimate basis to withdraw his pleas.  "Because the trial court granted Boswell's motion without opinion and the court of appeals applied the improper standard," the Supreme Court remanded to the trial court to consider Boswell's motion under the appropriate standard for pre-sentence motions to withdraw. *Id.* at ¶ 13.  The Court vacated the void sentence and instructed the trial court to resentence Boswell if it denied his motion.  The Court declined to address the state's argument that res judicata barred Boswell's motion because the state failed to raise this argument in any proposition of law or in its memorandum in support of jurisdiction.  *Id.* at ¶ 11.

{¶8}   Triplett incorrectly argues that like Boswell's sentence, his entire original sentence is void.  He fails to recognize post-*Boswell* changes in the law affecting the consequences of a trial court's failure to properly impose postrelease control, and he misinterprets our decision in *Triplett I*.  For sentences like Boswell's that were imposed prior to July 11, 2006, common law rules apply.  *State v. Davis*, 4th Dist. No. 10CA9, 2011-Ohio-6776, ¶ 8.  Under the common law as it stood when the Supreme Court decided *Boswell*, the failure to properly impose postrelease control rendered the entire

sentence void, not just the imposition of postrelease control. *See id.* After *Boswell* but before *Triplett I*, the Supreme Court of Ohio modified the common law in *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. "The *Fischer* Court held that when a trial court fails to properly impose postrelease control, only that portion of the sentence is void, thus resentencing is limited to the issue of postrelease control." *Davis* at ¶ 8, citing *Fischer* at ¶ 28-29. For sentences imposed on and after July 11, 2006, R.C. 2929.191 applies. *Davis* at ¶ 8. Under the statute, the defendant is entitled to a resentencing hearing limited to the proper imposition of postrelease control. *Id.* In other words, under current law, regardless of whether the common law or R.C. 2929.191 applies, the mere lack of proper notice of postrelease control never renders an entire sentence void.

{¶9} In *Triplett I*, we did not hold that Triplett's entire sentence was void. We explained that "[w]hen a court fails to properly impose post-release control for a particular offense, the offending portion of the sentence is void, must be set aside, and is subject to review and correction." *Triplett I* at ¶ 4, citing *Fischer* at ¶ 27-29. Because the trial court failed to properly notify Triplett about postrelease control, we remanded for a "resentencing limited to the issue of the proper imposition of post-release control." *Triplett I* at ¶ 13. Therefore, the trial court's determination of guilt and remainder of the original sentence remained intact after *Triplett I*.

{¶10} Since *Fischer*, the Supreme Court has not addressed whether a motion to withdraw a guilty plea filed after the imposition of a partially void sentence should be treated as a pre- or post-sentence motion. A number of appellate courts have concluded that it is a post-sentence motion. *State v. Beachum*, 6th Dist. Nos. S-10-041

& S-10-042, 2012-Ohio-285, ¶ 21; *State v. Thomas*, 1st Dist. Nos. C-100411 & C-100412, 2011-Ohio-1331, ¶ 16; *State v. Christie*, 3rd. Dist. No. 4-10-04, 2011-Ohio-520, ¶ 25; *State v. Bell*, 8th Dist. No. 95719, 2011-Ohio-1965, ¶ 22.  However, we need not address this issue because regardless of how we characterize the motion, as we explain below, the trial court lacked jurisdiction to consider it.  And even if the court had jurisdiction, the doctrine of res judicata bars Triplett's argument for withdrawing his pleas.

{¶11}  Unlike the defendant in *Boswell*, Triplett filed a timely direct appeal.  And as noted above, following that appeal the determination of his guilt and lawful portions of his sentence remained intact.  We clearly remanded this case for the sole purpose of having the trial court properly notify Triplett about postrelease control.  The trial court lacked jurisdiction to consider Triplett's motion to withdraw his pleas because we did not remand for that purpose.  *State v. Blevins*, 4th Dist. No. 11CA3431, 2012-Ohio-573, ¶ 6. *See State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978) ("Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court."); *State v. Nicholson*, 8th Dist. No. 97567, 2012-Ohio-1550, ¶ 10 ("Because this court affirmed Nicholson's convictions in *Nicholson I*, the trial court lacked jurisdiction upon remand to consider a motion to vacate the guilty plea.").

{¶12}  Even if the court had jurisdiction to consider the motion, as the trial court correctly noted, res judicata precluded the court from granting it.  "The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal." *State v. Miller*, 4th Dist. No. 11CA14, 2012-Ohio-1922, ¶ 5.  "[T]he doctrine serves to

preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. In his first appeal, Triplett could have, but failed to challenge the validity of his pleas based on the court's failure to properly notify him about postrelease control during the plea colloquy. Therefore, res judicata prevents him from raising the argument now.

{¶13} Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

{¶14}  I respectfully concur in judgment only.  Here, "I continue to believe that the trial court was authorized to correct the void portion of Triplett's sentence at the February 23, 2011 sentencing hearing."  *State v. Triplett*, 4th Dist. No. 11CA3, 2011-Ohio-5431, ¶ 11 (Kline, J., dissenting); *see also State v. Triplett*, 4th Dist. No. 10CA35, 2011-Ohio-4628, ¶ 14-16 (Kline, J., dissenting).  Therefore, I would have addressed Triplett's motion to withdraw by overruling his second assignment of error in *Triplett II*. *See Triplett*, 2011-Ohio-5431, at ¶¶ 8, 11.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only with Opinion.


For the Court


BY: _____
         William H. Harsha, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**