[Cite as *State v. Norris*, 2013-Ohio-1010.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : | Case No. CT2012-0055 |
|  | : |  |
|  | : |  |
| DERRICK C. NORRIS | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Muskingum
                                County Court of Common Pleas Case
                                No. CR 2003-288A


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         March 15, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       DERRICK NORRIS #478-560
Muskingum County Prosecutor             Marion Correctional Institution
                                        P.O. Box 57
BY: ROBERT L. SMITH                     Marion, Ohio  43301
Assistant Prosecuting Attorney
27 North Fifth Street
Zanesville, Ohio  43701

*Farmer, J.*

{¶1} Defendant-appellant, Derrick Norris, appeals from the October 31, 2012, Entry of the Muskingum County Court of Common Pleas denying his Motion for Leave to Withdraw Guilty and/or No Contest Plea. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On September 17, 2004, appellant Derrick Norris pleaded guilty to one count of murder with a firearm specification in violation of R.C. 2903.02(A)(1) and R.C. 2941.145, one count of aggravated robbery in violation of R.C. 2911.01(A)(1), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). In exchange, the State asked the trial court to enter a Nolle Prosequi to all other counts of the indictment and the trial court granted such request. As memorialized in an Entry filed on September 23, 2004, the trial court sentenced appellant to an aggregate term of thirty-three (33) years to life in prison. Appellant did not file an appeal.

{¶3} On March 5, 2010, appellant filed a Motion for Sentencing, requesting the vacation of his sentence and a de novo sentencing hearing because the trial court had failed to properly inform him of postrelease control at the sentencing hearing. Pursuant to an Entry filed on April 2, 2010, the trial court denied the motion. Appellant then appealed.

{¶4} Pursuant to an Opinion filed on December 8, 2010 in *State v. Norris*, 5th Dist. No. CT10-0020, 2010-Ohio- 6076, this Court held that appellant was entitled to a de novo resentencing hearing. We vacated appellant's sentence and remanded the matter for a resentencing hearing because, at his original sentencing hearing, appellant had not been advised of his postrelease control obligation.

{¶5} On December 20, 2010, the trial court conducted a resentencing hearing. Just prior to the resentencing, appellant, on December 20, 2010, filed a Motion to Withdraw Guilty and/or No Contest Plea. Appellant, in his motion, argued that had he known that postrelease control was mandatory for a period of five years, he would not have pleaded guilty. Counsel for appellant attempted to address the trial court regarding the motion. However, the trial court indicated that the motion to withdraw would not be heard and proceeded to limit the hearing to the imposition of postrelease control. Via an Entry filed on December 21, 2010, the trial court notified appellant that postrelease control was mandatory for a period of five (5) years. Subsequent to the sentencing hearing, the trial court issued a briefing schedule on the motion to withdraw appellant's guilty plea.

{¶6} On January 20, 2011, appellant filed an appeal from the trial court's December 21, 2010, entry. The case was assigned No. CT11-0001.

{¶7} Counsel for appellant filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the appeal in Case No. CT11-0001 was wholly frivolous and setting forth a proposed assignment of error. Appellant did not file a pro se brief alleging any additional assignments of error. Counsel for appellant raised the following potential assignment of error:

{¶8} "THE TRIAL COURT ERRED IN RE–IMPOSING A PERIOD OF POST RELEASE CONTROL AND FAILED TO CONDUCT A PROPER RE–SENTENCING HEARING."

{¶9} Pursuant to an Opinion filed on February 3, 2012 in *State v. Norris*, 5th Dist. No. CT11–0001, 2012 -Ohio- 485, this Court found that because the trial court had imposed the correct period of postrelease control, the hearing was properly conducted. We overruled appellant's potential assignment of error, granted counsel's motion to withdraw, and affirmed the judgment of the trial court.

{¶10} Via an Entry filed on October 31, 2012, the trial court denied appellant's December 20, 2010 Motion to Withdraw Guilty and/or No Contest Plea.

{¶11} Appellant now raises the following assignment of error on appeal:

{¶12} "WHEN THE TRIAL COURT COMPLETELY FAILS TO ADVISE A CRIMINAL DEFENDANT AT THE PLEA COLLOQUY THAT A MANDATORY TERM OF POST-RELEASE CONTROL WILL BE PART OF THE SENTENCING, THE COURT FAILS TO COMPLY WITH CRIM. R. 11(C)(2)(a), AND THE RESULTING GUILTY PLEA MUST BE VACATED.  SEE: *STATE VS. SARKOZY,* 117 OHIO ST.3D 86; *STATE VS. BOSWELL*, 121 OHIO ST.3D 575; AND, *STATE VS. MONTEZ-JONES*, 2011-OHIO-1202, (OHIO APP. 5 DIST.)."

I

{¶13} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Withdraw Guilty and/or No Contest Plea.

{¶14} Appellant maintains that, pursuant to *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, he should be permitted to withdraw his guilty plea because he was not advised at his change of plea hearing that he was subject to a mandatory five-year term of postrelease control.  In *Sarkozy*, the Ohio Supreme Court held, * * if a trial court fails during a plea colloquy to advise a defendant that the

sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause." Id. at ¶ 25.

{¶15} In *State v. Boswell,* 121 Ohio St.3d 575, 2009–Ohio–1577, 906 N.E.2d 422, also cited by appellant, the Ohio Supreme Court held that a motion to withdraw a plea, filed in a case where the sentence was void due to the trial court's failure to impose postrelease control at sentencing, must be deemed to be a presentence motion to withdraw a plea due to the necessity of treating a void sentence as a nullity. *Id.*

{¶16} However, subsequent to *Boswell,* the Ohio Supreme Court held that only the portion of the sentence concerning postrelease control is void:

{¶17} "We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more.

{¶18} "This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for

a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

**{¶19}** "However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

**{¶20}** "Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." *State v. Fischer,* 128 Ohio St.3d 92, 99, 942 N.E.2d 332, 340–341, 2010–Ohio–6238, ¶ 26–29.

**{¶21}** This Court has concluded that because the convictions and remaining portion of the original sentence remain valid based on the Supreme Court's holding in *Fischer,* a motion to withdraw a plea made prior to resentencing to correct the postrelease control portion of the sentence is properly addressed as a post-sentence motion. See *State v. Montgomery*, 5th Dist. No. 10 CA 42, 2011-Ohio-6145. Thus, appellant's motion was a post-sentence motion to withdraw his guilty plea and is subject to the doctrine of res judicata.

**{¶22}** Appellant asserts that his plea must be vacated because the trial court failed to advise him of mandatory postrelease control at the plea hearing. However, appellant's attempt to withdraw his guilty plea, made subsequent to this Court's remand for resentencing, is barred by the doctrine of res judicata. See *State v. Hazel*, 11th Dist.

Nos. 10AP-1013, 10AP-1014, 2011-Ohio-4427. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw guilty plea that were or could have been raised at trial or on appeal. *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, ¶ 59, citations omitted. Appellant clearly could have raised the issue he now raises on direct appeal or during one of his earlier appeals. As is stated above, appellant did raise the issue of postrelease control in 2010.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Farmer, J.

Delaney, P.J. and

Hoffman, J. concur

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman____ _____

JUDGES

SGF/d0304

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DERRICK C. NORRIS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2012-0055 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman\_\_\_\_ _____

JUDGES