[Cite as *State v. Johnson*, 2013-Ohio-2416.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12 CAA 08-0050 |
| EIN JOHNSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware County Common Pleas Court, Case No. CR-I 08-0431

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 10, 2013

APPEARANCES:

For Plaintiff-Appellee

PETER B. RUFFING
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, OH 43015

For Defendant-Appellant

BRIAN G. JONES
211 U.S. Highway 23 North
Delaware, OH 43015

EIN JOHNSON  Pro Se
MCI
Box 57
Marion, OH 43302

*Gwin, P.J.*

{¶1} Appellant, Ein Johnson, appeals his conviction and sentence from the Delaware County Court of Common Pleas. On April 29, 2011, Appellant was convicted of one count of trafficking in cocaine, a felony of the second degree, in violation of R.C. 2925.03(A)(2). Appellant was sentenced to a term of six years in prison.[1] At the time of his sentencing in 2011, the trial court orally imposed a mandatory term of three years of post release control, however, the sentencing entry did not state the term of post release control was mandatory.

{¶2} Appellant filed a motion for resentencing as well as a motion to withdraw his guilty plea. The trial court denied the motion to withdraw the guilty plea on June 7, 2012. Appellant failed to appeal the entry denying the motion to withdraw the guilty plea.

{¶3} On July 3, 2012, the trial court conducted a "de novo" sentencing hearing to correct the terms of the post release control. In its entry of July 13, 2012, the trial court corrected the term of post release control and restated the original sentence imposed in 2011. Appellant filed a notice of appeal from the trial court's entry of July 13, 2012. Shortly after this appeal was initiated, this Court remanded the case to the trial court for the purpose of having the trial court enter an order which complied with *State v. Baker*. Because the order being appealed in this case was an order merely correcting post release control, we should not have remanded the cause to the trial

---

[1] While not entirely relevant to this appeal, we note Appellant initially plead guilty in 2009 and subsequently failed to appear for sentencing. Once apprehended, Appellant moved to withdraw his guilty plea prior to sentencing which was granted by the trial court. Appellant then entered a guilty plea a second time. The events related to this appeal follow the second guilty plea.

court to comply with *Baker.*  The requirements of *Baker* and Crim.R. 32 are limited to the original entry of conviction and sentencing.  The Supreme Court has stated that a subsequent hearing to correct a sentence is "restricted to the void portion of the sentence."  *State v. Fischer*  128 Ohio St.3d 92, 101, 942 N.E.2d 332, 342 (Ohio,2010). It necessarily follows that an entry detailing that hearing is not required to contain anything other than the portion of the sentence which was corrected.

{¶4}    In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id.  Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id.  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶5}    Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error.  Appellant has filed a pro se brief raising an additional assignment of error.  The assignments of error are as follows:

I.

{¶6} "[T]HE TRIAL COURT ERRED BY TREATING MR. JOHNSON'S MOTION TO WITHDRAW PLEA AS A POST-SENTENCE MOTION TO WITHDRAW PLEA.

II.

{¶7} "[T]HE TRIAL COURT ERRED BY FAILING TO COMPLY WITH CRIM.R. 11 IN ACCEPTING MR. JOHNSON'S PLEA.

III.

{¶8} "TRIAL COURT ABUSED ITS DISCRETION AND DUE PROCESS BY DENYING DEFENDANT PORAL (SIC) MOTION TO WITHDRAWAL GUILTY PLEAS AND SENTENCE DEFENDANT WITHOUT THE BENEFIT OF EFFECTIVE ASSISTANCE OF COUNSEL."

{¶9} Because they are related, we will address the first and third assignments of error together. In his first potential assignment of error, Appellant argues the trial court erred in treating Appellant's motion to withdraw his guilty plea as a post-sentence motion. Despite the reference to ineffective assistance of counsel in his third assignment of error, Appellant, filing pro se, solely argues he should have been permitted to withdraw his guilty plea because his sentence was void due to an incorrect term of post release control having been imposed.

{¶10} There are three arguments raised within these two assignments of error: (1) Should the motion be treated as a pre or post sentence motion to withdraw guilty plea, (2) Should the motion have been granted, and (3) Does an error in post release control automatically entitle a defendant to withdraw his guilty plea?

{¶11} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before

sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} As to the first element of this assignment of error, we find the motion to withdraw Appellant's guilty plea should have been treated as a post-sentence motion. A motion to withdraw a plea made prior to resentencing to correct the postrelease control portion of the sentence is properly addressed as a post-sentence motion. Accordingly, the court in the instant case did not err in addressing appellant's motion based on the "manifest injustice" standard applicable to a post-sentence motion to withdraw a plea. See *Ohio v. Montgomery* 2011 WL 5995655, 2 (Ohio App. 5 Dist.).

{¶13} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324(1977), paragraph one of the syllabus). In *Smith,* supra, the Ohio Supreme Court, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264.

{¶14} A trial court's decision to deny a post-sentence motion to withdraw a plea of guilty and the decision whether to hold a hearing on the motion are subject to review for abuse of discretion. *Smith,* supra. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶15} It appears the sole basis for Appellant's moving to withdraw his guilty plea was based upon the improper imposition of post release control. The transcript reveals the Appellant was orally advised he would receive three years of post release control.

The first judgment entry indicated the post release control would be up to three years. Because we find Appellant was orally advised of the correct term of post release control at the time of his initial plea and sentence, we find this is not one of those extraordinary cases which would amount to a manifest injustice if Appellant is not permitted to withdraw his guilty plea. Hence, the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.

{¶16} Finally, as to the notion that a partially void sentence creates an automatic right to withdraw a guilty plea, neither caselaw nor Crim.R. 32 create such a right. As we have just held, Appellant was not entitled to have his motion to withdraw his guilty plea granted.

{¶17} For these reasons, the first and third assignments of error are overruled.

III.

{¶18} In his second assignment of error, Appellant challenges the trial court's acceptance of Appellant's plea. We find this argument is barred by the doctrine of res judicata. The Supreme Court has explained that following a correction of post release control, an appellant cannot raise any issue other than the issue which was corrected, "We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of post release control is imposed is limited to issues arising at the resentencing hearing." *State v. Fischer* 128 Ohio St.3d 92, 102, 942 N.E.2d 332, 343 (Ohio,2010).

{¶19} For this reason, we overrule the second assignment of error.

{¶20} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Delaware County Court of Common Pleas.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN


WSG:clw 0521

[Cite as *State v. Johnson*, 2013-Ohio-2416.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :

            Plaintiff-Appellee          :

                                 :

-vs-                                   :          JUDGMENT ENTRY

                                 :

EIN JOHNSON                            :

                                 :

            Defendant-Appellant       :          CASE NO. 12 CAA 08-0050

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. CRAIG R. BALDWIN