[Cite as *State v. Hendricks*, 2017-Ohio-8526.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0023 |
| CHRISTOPHER M. HENDRICKS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR-2015-0161


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     November 8, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD ANDERSON II                    RICHARD CROSBY III
27 North Fifth Street                    600 Vine Street, Suite 2650
Zanesville, OH                    Cincinnati, OH 45202

*Gwin, J.,*

{¶1}   Appellant Christopher M. Hendricks ["Hendricks"] appeals from the March 15, 2017 re-sentencing entry of the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   Hendricks entered guilty pleas to: Count I, aggravated burglary pursuant to R.C. 2911.11(A)(2), a felony of the first degree; Counts II through V, kidnapping pursuant to R.C. 2905.01(A)(2), all felonies of the first degree; Counts VI through VIII, kidnapping pursuant to R.C. 2905.01(A)(3), all felonies of the first degree; Counts IX through XIII, aggravated robbery pursuant to R.C. 2911.01(A)(1), all felonies of the first degree; and Count XIV, having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree. Counts I through XIII are accompanied by firearm specifications pursuant to R.C. 2941.145.  See, *State v. Hendricks,* 5th Dist. Muskingum No. CT2016-0010, 2017-Ohio-259 ["*Hendricks I*"].

{¶3}   Hendricks raised six assignments of error on appeal.  *Hendricks I.*  We overruled five of Hendricks' assignments of error; however based on our decision in *State v. Richard-Bey,* 5th Dist. Muskingum No.  CT2010-Ohio-0051, we found "the trial court's language in the sentencing entry does not adequately comply with R.C. 2929.19(B)(2). Appellant's sixth assignment of error is sustained and this matter is remanded for resentencing."[1]

---

[1] The continued validity of the decision in *Richard-Bey* is questionable in light of the Ohio Supreme Court's recent decision in *State v. Grimes*, __ Ohio St.3d___, 2017-Ohio-2927, ___N.E.3d___(May 24, 2017).

{¶4} Prior to re-sentencing, Hendricks filed a Motion to Withdraw his Guilty Plea in the trial court on February 17, 2017. Hendricks also filed on the same date a "Notice of Intention to Plead Affirmative Defenses."

{¶5} In his written motion, Hendricks set forth no grounds in support of his motion to withdraw his previously entered guilty plea. Hendricks' one paragraph motion to plead Affirmative Defenses stated, "that he may use a defense in this matter the affirmative defenses of self-defense, duress and/or necessity."

{¶6} The trial court addressed the motions at the re-sentencing hearing held February 27, 2017,

MR. CROSBY: Your Honor, again, good afternoon. Pending before you there is a motion to withdraw the plea -- the plea previously entered. Based upon Criminal Rule 32 and precedent, there's sufficient reasons which basically we feel would warrant to withdraw the plea.

THE COURT: What would that be?

MR. CROSBY: Your Honor, first off, Mr. Hendricks entered the plea. He didn't enter it knowingly, intelligently, and voluntarily.

THE COURT: The Court of Appeals said he did.

MR. CROSBY: Your Honor, he felt threatened, coerced by attorneys. If you look at the transcripts, he did not have the maximum and minimum sentences properly explained to him.

THE COURT: Mr. Crosby, the Court of Appeals already addressed that and said he did.

MR. CROSBY: Okay.

THE COURT: Right?

MR. CROSBY: Yes, sir.

THE COURT: Okay.  Go ahead.

MR. CROSBY: Based upon the eight factors, which you take into consideration when considering whether or not to withdraw the plea, the factors weigh in favor.  We're back here for sentencing issue --

THE COURT: What -- what are the factors?  That's what I'm asking you.  What -- what's the basis for withdrawing the plea?

MR. CROSBY: He has -- he has merit defenses which we would have presented, Your Honor.  Contemporaneous with this motion, we filed several defenses, which we raised after reviewing discovery.  He wants to assert those and wishes to withdraw his plea and move for -- move for -- proceed according to trial.   The State would not be unnecessarily burdened--

THE COURT: What -- what are you -- what are you alleging is the reason for withdraw a guilty plea?  Specifically.

MR. CROSBY: Specifically,

Mr. Hendricks denies that he committed these offenses.  Mr. Hendricks wishes to assert his Constitutional right to a trial.

THE COURT: Then your motion to -- to withdraw his guilty plea is denied.  We're moving to sentencing.

(Re-Sent. T. at 3-5).

{¶7} The trial court re-imposed the previously entered sentence, this time including the proper notifications of post-release control at the hearing and in the sentencing entry.

*Assignment of Error*

{¶8} Hendricks raises one assignment of error,

{¶9} "I. THE TRIAL COURT COMMITTED ERROR BY DENYING DEFENDANT' S MOTION TO WITHDRAW HIS PLEA AND BY FAILING TO GIVE THE MOTION FULL AND FAIR CONSIDERATION."

*Law and Analysis*

{¶10} The Ohio Supreme Court has rejected the argument that a void sentence is a legal nullity and a defendant's appeal following resentencing for post-release control errors was his first appeal as of right. In *State v. Ketterer*, Donald Ketterer had been convicted of capital and noncapital offenses. 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. The Ohio Supreme Court held that the trial court properly denied the motion to withdraw Ketterer's guilty pleas. Because mandatory post-release control was not properly imposed, however, the Court remanded the case for the trial court to conduct a hearing under R.C. 2929.191. While the case was on remand for resentencing, Ketterer filed a motion to withdraw his guilty pleas. (Id. at ¶ 55). In response, the state argued that res judicata barred Ketterer's motion to withdraw his guilty pleas because on the first appeal, the Supreme Court rejected his attacks on his pleas. (Id. at ¶ 59).

{¶11} The Court agreed noting, "In Ketterer's first appeal, this court considered most of the claims that Ketterer raised on remand as a basis to withdraw his guilty pleas ... Thus, res judicata was a valid basis for rejecting these claims." (Id. at ¶ 60).

**{¶12}** Furthermore, the Court stated,

[T]he state invokes *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 9 O.O.3d 88, 378 N.E .2d 162, to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas. In *Special Prosecutors*, this court held that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." Id. at 97-98, 9 O.O.3d 88, 378 N.E.2d 162.

On appeal, this court affirmed Ketterer's convictions and death sentence. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 12. Ketterer's appeal was later reopened and his case was remanded for the limited purpose of resentencing him on his noncapital offenses, 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650. Under the authority of *Special Prosecutors*, the panel had no authority to consider Ketterer's motion to withdraw his guilty pleas, let alone grant him a new trial.

*Ketterer,* 126 Ohio St.3d at 460, 935 N.E.2d at 22, 2010-Ohio-3831 at ¶ 61-62.  *See also State v. Nichols*, 5th Dist. Richland App. No.2009-CA-0111, 2010-Ohio-3104; *State v. Samples*, 5th Dist. Stark App. No, 2010-CA-00122, 2011-Ohio-179.

{¶13}  In *State v. Becraft,* the Court of Appeals noted,

> The foregoing case law indicates that a trial court lacks jurisdiction to consider a motion to withdraw a guilty plea filed on remand for the limited purpose of resentencing when the underlying conviction was affirmed on direct appeal.  This is appropriate because even "if the case is reviewed and partially remanded for some aspect of resentencing, the appellate court nevertheless affirmed the underlying conviction and the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated."  *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, 2015 WL 7430009, ¶ 5, citing *State v. Triplett*, 4th Dist. Lawrence No. 11CA24, 2012-Ohio-4529, 2012 WL 4483001 and *Special Prosecutors*, 55 Ohio St.2d at 97–98, 378 N.E.2d 162. "Indeed, if a trial court were to grant a defendant's post-remand motion to withdraw his plea, the trial court's order would essentially undo the entire appeal."  *State v. O'Neal*, 9th Dist. Medina No. 10CA0140-M, 2012-Ohio-396, 2012 WL 366738, ¶ 8, *quoting State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, 2008 WL 754857, ¶ 11.  *See also State v. Simon,* 12th Dist. Butler No. CA2015-05-081, 2015-Ohio-4448, 2015 WL 6472487, ¶ 20; *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-

5260, 2012 WL 5519662, ¶ 8–11; *State v. Craddock*, 8th Dist. Cuyahoga

No. 87582, 2006-Ohio-5915, 2006 WL 3234030, ¶ 8–10.

2nd Dist. Clark No. 2016-CA-9, 2017-Ohio-1464, ¶51.

**{¶14}** After *Ketterer,* the Supreme Court held that "a trial court retains jurisdiction to decide a motion for a *new trial* based on newly discovered evidence when the specific issue has not been decided upon direct appeal." (Emphasis added.) *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37. In so holding, the Supreme Court clarified that "the holding in Special Prosecutors does not bar the trial court's jurisdiction over post-trial motions permitted by the Ohio Rules of Criminal Procedure." Id.

**{¶15}** In the case at bar, the trial court did conduct a hearing on Hendricks' motion to withdraw his guilty plea. Although the instant case does not involve a motion for new trial, we note that Hendricks did not claim that the motion to withdraw his guilty plea was based upon newly discovered evidence. In the case at bar, the record does not indicate that Hendricks has set forth any specific reasons that provide him with a meritorious defense. *State v. Boyd,* 10th Dist. No. 97APA12-1640, 1998 WL 733717(Oct. 22, 1998) *citing State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995). Further, the record does not indicate that Hendricks has made any effort to show that he could not with reasonable diligence have discovered and produced exculpatory evidence before he entered his plea.

**{¶16}** The record herein demonstrates the trial court held a thorough hearing on the matter, and Hendricks was given many opportunities to present any evidence to support his motion.

**{¶17}** Hendricks' sole assignment of error is overruled.

{¶18} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J, and

Baldwin, J., concur