[Cite as *State v. Hammock*, 2019-Ohio-127.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA104 |
| BRUCE HAMMOCK | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 2015-CR-0858

JUDGMENT:      January 16, 2019

DATE OF JUDGMENT ENTRY:

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

GARY BISHOP                               BRUCE A. HAMMOCK
PROSECUTING ATTORNEY              Inmate No. 682-596
BY: JOSEPH C. SNYDER                TRUMBULL CORRECTIONAL INST.
38 South Park Street                       Box 901
Mansfield, OH  44902                   Leavittsburg, OH 44430

*Gwin, P.J.*

{¶1} Appellant Bruce Hammock appeals the October 5, 2018 judgment entry of the Richland County Court of Common Pleas overruling his motion to withdraw plea. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In 2015, appellant was charged by indictment with cocaine possession with a firearm specification, having weapons while under disability with a forfeiture specification, fleeing and eluding with a firearm specification, two counts of improper handling of a firearm in a motor vehicle, carrying a concealed weapon, and OVI.

{¶3} On February 8, 2016, appellant entered pleas of guilty. On April 11, 2016, the trial court sentenced appellant to an aggregate prison term of 4 years in addition to a term of community control. Appellant was advised he was subject to 5 years of mandatory post-release control.

{¶4} On July 8, 2016, this Court denied appellant's motion for delayed appeal. Appellant's motion for reconsideration was overruled and his appeal to the Ohio Supreme Court was declined. *State v. Hammock*, 147 Ohio St.3d 1438, 2016-Ohio-7677, 63 N.E.3d 157.

{¶5} On December 4, 2017, appellant filed a motion for resentencing in the trial court and made the following arguments: (1) the sentencing entry was not a final appealable order because the trial court failed to impose a separate sentence on each individual offense; (2) the trial court erred in ordering the community-control sanction to be served consecutively to the prison term; and (3) post-release control was not properly imposed.

**{¶6}** The trial court overruled the motion on March 15, 2018, finding the motion was an untimely petition for post-conviction relief. Appellant appealed from the trial court's decision, arguing: the trial court erred by sentencing him to community control on a matter the General Assembly has clearly declared to be a non-probationable offense; the trial court erred by failing to impose a separate sentence on each individual offense; the trial court erred by ordering his community control sanction be served consecutively to his prison term; and the trial court erred by not properly notifying him of post-release control. *State v. Hammock,* 5th Dist. Richland No. 18CA27, 2018-Ohio-3914. We overruled appellant's first three assignments of error, but found the trial court failed to inform appellant of the consequences of violating post-release control at the sentencing hearing. *Id.* Thus, we remanded the matter to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regard to his post-release control sanction. *Id.*

**{¶7}** On June 7, 2018, while appellant's appeal was pending, he filed a motion to withdraw plea pursuant to Criminal Rule 32.1. Appellant argued his plea was not made knowingly, intelligently, or voluntarily in compliance with Criminal Rule 11. Appellee filed a memorandum in response on June 11, 2018. Appellant filed a reply on June 20, 2018.

**{¶8}** On October 5, 2018, the trial court issued a judgment entry overruling appellant's motion to withdraw plea. The trial court found it was without jurisdiction to consider appellant's motion and that appellant's arguments otherwise lacked merit. The trial court stated it did not have jurisdiction to rule upon any motion to withdraw plea under Criminal Rule 32.1 after a defendant's conviction has been upheld on appeal. Additionally, that appellant had not demonstrated manifest injustice.

{¶9} Appellant appeals the October 5, 2018 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT ACCEPTED HAMMOCK'S GUILTY PLEA WHICH WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE IN VIOLATION OF HAMMOCK'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶11} "II. THE TRIAL COURT ERRED WHEN IT OVERRULED HAMMOCK'S CRIM.R. 32.1 MOTION TO WITHDRAW GUILTY PLEA AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER HIS MOTION AS A PRESENTENCE MOTION UNDER CRIM.R. 32.1."

{¶12} For ease of discussion, we will address appellant's assignments of error out of sequence.

II.

{¶13} In his second assignment of error, appellant makes two arguments. First, appellant contends the trial court erred in failing to consider his motion as a pre-sentence motion under Criminal Rule 32.1.

{¶14} Appellant seeks to characterize his motion to withdraw as a pre-sentence motion on the premise that his entire sentence is void and argues the trial court erred in applying the "manifest injustice" standard which is applied to a post-sentence motion to withdraw plea pursuant to Criminal Rule 32.1. However, the Ohio Supreme Court has held that in a resentencing to properly impose post-release control, only the portion of the sentence concerning post-release control is void. *State v. Fischer*, 128 Ohio St.3d 92,

2010-Ohio-6238, 942 N.E.2d 332. Further, this Court has concluded that because the conviction and remaining portion of the original sentence remain valid pursuant to *Fischer*, a motion to withdraw plea made prior to resentencing to correct the post-release control portion of the sentence is properly addressed as a post-sentence motion. *State v. Montgomery*, 5th Dist. Guernsey No. 10CA42, 2011-Ohio-6145; *State v. Johnson*, 5th Dist. Delaware No. 12 CAA 08 0050, 2013-Ohio-2416. Accordingly, the trial court did not err in addressing appellant's motion based on the "manifest injustice" standard. *Id.*

{¶15} Second, appellant argues the trial court erred when it overruled his motion to withdraw his guilty plea.

{¶16} As noted by the trial court, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw guilty plea subsequent to an appeal and an affirmance by an appellate court." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. In this case, we remanded the matter to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regard to his post-release control sanction. We affirmed appellant's conviction on appeal and did not vacate his underlying conviction. Therefore, the trial court did not have jurisdiction to consider appellant's motion to withdraw guilty plea. *State v. Long*, 5th Dist. Richland No. 15CA93, 2016-Ohio-671; *State v. Hendricks*, 5th Dist. Muskingum No. CT2017-0023, 2017-Ohio-8526.

{¶17} Appellant cites *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, in support of his argument that *Special Prosecutors* does not apply in this case. However, in *Davis*, the Ohio Supreme Court held that "a trial court retains

jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.* However, this case is factually distinguishable from *Davis* because it does not involve a motion for new trial pursuant to Criminal Rule 33(A)(6), there is no newly-discovered evidence, and, unlike in *Davis*, the issues presented by appellant in this case could have been raised on direct appeal. See *State v. Hendricks*, 5th Dist. Muskingum No. CT2017-0023, 2017-Ohio-8526; *State v. Patterson*, 5th Dist. Stark No. 2015CA00125, 2015-Ohio-4325.

**{¶18}** Additionally, even assuming arguendo the trial court did have jurisdiction, the doctrine of res judicata bars this Court from considering appellant's arguments. The doctrine of res judicata bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any issue which was raised or could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9; see also *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (holding res judicata does not preclude review of a void sentence, but still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence). Further, this Court has held that res judicata applies in a defendant's appeal from a *Fischer*-based or R.C. 2929.191-based resentencing to impose post-release control where the issue being appealed did not arise from the resentencing hearing. *State v. Williams*, 5th Dist. Licking No. 14 CA 82, 2015-Ohio-1125; *State v. Norris*, 5th Dist. Muskingum No. CT2012-0055, 2013-Ohio-1010.

{¶19}  Appellant contends his plea was not knowingly, intelligently, and voluntarily made because he could have been sentenced to mandatory prison terms on several counts, but was only sentenced to community control on these counts.  This is an argument appellant could have included in a direct appeal.  Accordingly, his argument is barred by the doctrine of res judicata.

{¶20}  In arguing the trial court should have granted his motion, appellant relies upon the Supreme Court of Ohio's decisions in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509 (holding that "if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of post-release control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal") and *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422 (holding a motion to withdraw guilty plea following the imposition of a void sentence must be considered a presentence motion and be freely and liberally granted).  However, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court modified its earlier decisions to clarify that only the offending portion of the sentence is subject to review and correction.  See also R.C. 2929.191 (providing for the correction of sentences in which the defendant did not receive proper post-release control notifications).

{¶21}  Finally, even if we were to consider appellant's argument, we find the trial court did not err in denying appellant's motion to withdraw the guilty plea.  The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).  The Ohio Supreme Court has stated a post-sentence withdrawal motion is allowable only in extraordinary

circumstances. *Id.* "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *Id.*

{¶22} We review a trial court's denial of a motion to withdraw guilty plea under an abuse of discretion standard. *State v. Carabello*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Here, appellant alleges a manifest injustice because the trial court sentenced him to community control when he was not eligible for community control for those offenses and the statutes require imposition of mandatory prison terms. However, even if the trial court could have sentenced appellant to a mandatory prison sentence greater than four years, it did not. Accordingly, we find appellant has failed to demonstrate, nor does the record reflect, a manifest injustice.

{¶23} Appellant's second assignment of error is overruled.

I.

{¶24} In his first assignment of error, appellant argues the trial court erred by accepting his plea because his plea was not made knowingly, intelligently, or voluntarily. As detailed above, we find this assignment of error is barred by res judicata and the finality of appellate judgments. Appellant's first assignment of error is overruled.

{¶25} Based on the foregoing, appellant's assignments of error are overruled.

{¶26}    The October 5, 2018 judgment entry of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney, J, and

Baldwin, J., concur