[Cite as *State v. Gornall*, 2019-Ohio-1579.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ELLIOTT GORNALL, | : | Case No. 18-COA-034 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
15-CRI-084

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 25, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL         KIMBERLY KENDALL CORRALL
Ashland County Prosecuting Attorney    4403 St. Clair Avenue
Cleveland, Ohio 44103
By: VICTOR R. PEREZ
COLE F. OBERLI
Assistant Prosecuting Attorneys
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

{¶1} Elliot Gornall appeals the decision of the Ashland County Court of Common Pleas denying his motion to withdrawal his guilty plea. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2} On January 6, 2016, appellant was sentenced to fifty-six years imprisonment after being found guilty of a long list of offenses. He filed an appeal of that decision and a subsequent motion to re-open his appeal and we denied both. He now claims that the trial court and his trial counsel provided incorrect information upon which he relied to enter a guilty plea and, for that reason, he should be permitted to withdraw his plea.

{¶3} Appellant was indicted with sixty-six counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(1)), six counts of attempted illegal use of a minor in nudity-oriented material or performance (R.C. 2923.02(A)), (R.C. 2907.323(A)(1)), fifty-five counts of pandering obscenity involving a minor (R.C. 2907.321(A)(5)), forty-five counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(3)), two counts of aggravated possession of drugs (R.C. 2925.11(A)), possession of marijuana (R.C. 2925.11(A)), and receiving stolen property (R.C. 2913.51(A)).

{¶4} Appellant filed a motion to suppress evidence seized from the search of his computers. The trial court denied the motion after hearing, finding that evidence of pandering obscenity of minors would have been inevitably discovered during the search for evidence of narcotics activity. Appellant then pled no contest to all charges and was

sentenced to an aggregate prison term of fifty-six years, with an aggregate fine of $15,700.00.

{¶5} Appellant appealed the decision of the trial court alleging the trial court erred in denying the motion to suppress, that the trial court's imposition of consecutive sentences was unsupported and that the trial court erred in imposing a total fine of $15,700. We rejected the assignments of error and affirmed the trial court's decision on November 2, 2016. Appellant appealed to the Supreme Court of Ohio and the Court declined to accept jurisdiction on July 26, 2017.

{¶6} On April 23, 2018, appellant filed an application for reopening of his appeal claiming ineffective assistance of appellate counsel. We denied the application based upon the fact it was untimely; however, in the interest of justice we considered the merits and arrived at the same conclusion, denying the application on May 29, 2018.

{¶7} While the motion to re-open the appeal was pending, appellant filed a Motion to Withdraw Guilty Plea. Appellant's motion states he filed a motion because he "was never informed of the maximum penalty involved under Crim.R. 11 (C)(2)(a)." Appellant's memorandum in support of his motion does not offer any argument to corroborate his assertion that he was not informed of the maximum penalty, but instead claims that the trial court and his trial attorney inappropriately led him to believe that he could file for judicial release after he had been confined for 180 days. (The trial court did notify appellant that the maximum penalty was 675 years and 6 months in prison with a total fine of $1,448,600.00. Sentencing Transcript, page 15, lines 1-10.). Within his motion appellant admits "the court never made mention of when this eligibility date would come into effect. This raised the question to the counsel for the defendant, and counsel replied

to the defendant that he (defendant) could file for judicial after a period of 180 days of actual prison confinement." (Defendant's Motion to Withdraw Guilty Plea, May 9, 2018, Docket #47, page 2). Appellant's affidavit, attached to his motion states that "the trial court, in accepting my pleas, led me to believe that I was eligible for judicial release but never told me when I would become eligible, leading me to be misinformed by my trial counsel." According to the same affidavit, appellant became aware of this error on March 28, 2018 when he approached a law clerk at the prison.

**{¶8}** Appellee opposed the motion, contending that appellant was made aware of the maximum penalty for the offenses and that the alleged error did not rise to the level of manifest injustice. Appellee also argued that the two year delay in filing this motion undermined the appellant's credibility.

**{¶9}** The trial court denied the motion finding that "there is no manifest injustice, no fundamental flaw in the change of plea proceedings which results in a miscarriage of justice. The issues the defendant now raises were available to be raised as well during his initial appeal, which he neglected to assert." (Judgment Entry, July 26, 2018, Docket #49, page 1). Further, the court found that because there is no new evidence or information asserted beyond the transcript of the change of plea hearing, no additional hearing was necessary to decide defendant's motion. Defendant filed a notice of appeal and submitted two assignments of error:

**{¶10}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING GORNALL'S MOTION TO WITHDRAW HIS GUILTY PLEA WHERE GORNALL CLAIMED THAT THE TRIAL COURT VIOLATED GORNALL'S RIGHT TO DUE PROCESS IN FAILING IN ITS OBLIGATION TO ENSURE GORNALL WAS

MAKING A KNOWING AND INTELLIGENT PLEA, AND WHERE DEFENDANT RELIED ON INCORRECT INFORMATION FROM THE TRIAL COURT WITH REGARD TO DEFENDANT'S ACCESS TO JUDICIAL RELEASE."

{¶11} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING GORNALL'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING WHERE HE CLAIMED THAT HIS COUNSEL'S CONSTITUTIONALY INEFFECTIVE ASSISTANCE REGARDING HIS INCORRECT COUNSEL WITH REGARD TO DEFENDANT'S ACCESS TO JUDICIAL RELEASE."

### STANDARD OF REVIEW

{¶12} We review a trial court's denial of a motion to withdraw guilty plea under an abuse of discretion standard. *State v. Carabello,* 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977) as quoted in *State v. Hammock,* 5th Dist. Richland No. 18CA104, 2019-Ohio-127, ¶ 22.

{¶13} Crim.R. 32.1 provides that a trial court may grant a defendant's post sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261,361 N.E.2d 1324(1977), paragraph one of the syllabus. Although no precise definition of "manifest injustice" exists, in general, "'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is

inconsistent with the demands of due process.' " *State v. Wooden,* 10th Dist. Franklin No. 03AP–368, 2004–Ohio–588, ¶ 10, quoting S*tate v. Hall*, 10th Dist. Franklin No. 03AP–433, 2003–Ohio–6939. Under this standard, a post sentence withdrawal motion is allowable only in extraordinary cases. *Smith*, *supra* at 264. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable.

{¶14} Appellant contends his change of plea was not made knowingly, intelligently and voluntarily in violation of the requirements of Crim. R. 11. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether

he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,*

117 Ohio St.3d 86, 2008–Ohio–509 at ¶ 19–20.

**{¶15}** In determining whether the trial court has satisfied its duties under Crim.R.

11 in taking a plea, reviewing courts have distinguished between constitutional and non-

constitutional rights. *State v. Clark,* 119 Ohio St.3d 239, 893 N.E.2d 462, 2008–Ohio–

3748, ¶ 32; *State v. Aleshire,* Licking App. No. 2007–CA–1, 2008–Ohio–5688 at ¶ 10.

The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to

the waiver of constitutional rights. *State v. Clark,* 119 Ohio St.3d at 244, 893 N.E.2d at

499, 2008–Ohio–3748, ¶ 31.

**{¶16}** In *Clark*, a case decided after *Sarkozy*, the Supreme Court of Ohio

concluded that "[i]f a trial judge, in conducting a plea colloquy, imperfectly explains non-

constitutional rights such as the right to be informed of the maximum possible penalty and

the effect of the plea, a substantial-compliance rule applies on appellate review; under

this standard, a slight deviation from the text of the governing rule is permissible, and so

long as the totality of the circumstances indicates that the defendant subjectively

understands the implications of his plea and the rights he is waiving, the plea may be

upheld." *Sarkozy, supra* at ¶ 31. Thus, in *Clark*, the Ohio Supreme Court concluded that

the right to be informed of the maximum possible penalty and the effect of the plea are

subject to the substantial compliance test. *Clark, supra* at ¶ 31.

## ANALYSIS

**{¶17}** Appellant offers a lengthy analysis of the law regarding the state's obligation

to insure that a change of plea is made knowingly, intelligently and voluntarily. In his brief,

appellant contends the trial court and his trial counsel misled him and provided erroneous

information regarding his ability to file a petition for early release and that, had he been given correct information, he would not have changed his plea.  After a review of the record, we find that the appellant's argument may be addressed by analyzing his characterization of the facts in his brief compared to the assertions in his motion presented to the trial court. With regard to the accusation against his trial counsel, we need only consider the matters previously filed in, and resolved by, this court.

{¶18} In his first assignment of error, appellant contends the trial court provided incorrect information with regard to his access to judicial release.  The allegedly incorrect information is described on page 8 of appellant's brief:

It is not argued here that Gornall was improperly advised by the court about the maximum sentence that can be imposed, but instead was misled by the court and counsel about whether he would have to serve prior to being eligible for relief.(sic)  That improper information, given prior to the court handing down his sentence, unearthed the knowing nature of his plea.

Gornall was informed by counsel that he was eligible for judicial release at 180 days.

He **then** relied on the following exchange with the trial court;

"The Court: ....at any point in your sentence for example, if you were initially sentenced to prison, but before completing the prison sentence you were released early but before completing the prison sentence you were released early " Tr. 18.

The trial court does not say "if after serving half your sentence." That would be an accurate statement of the law. Rather, the court incorrectly

states that "at any point in your sentence.... you were released." This statement is not correct. It undercuts the Appellants(sic) understanding of the direct consequences of his plea.

In so-stating the Court **reinforced Gornall's incorrect** "knowledge" that he would be eligible for judicial release in 180 days.

(Emphasis Added.)

**{¶19}** We disagree with appellant's conclusion and find that it is a strained interpretation of the trial court's statement.  When read in the context of the remaining portion of the statement, we cannot find any language that would suggest to a reasonable person that a petition for release could be filed in 180 days:

And do you understand, Mr. Cornell, if you find yourself subject to a community control supervision, at any point in your sentence, for example, if you were initially sentenced to prison, but before completing the prison sentence you were released early with the portion of your unserved sentence suspended, that you comply with certain community control sanctions in that event, if you violated the condition of community control, the court could impose greater restrictions and keep you on community control if not initially imposed for 5 years, the court could extend that supervision, so it would run a total of 5 years or again, it could be revoked if you violated the terms and the suspended portion of the prison term reinstated and you being sent back to prison at that point?

(Sentencing Transcript, page 19, lines 2-19).

**{¶20}** We find that isolating the phrase "at any point in your sentence," from the complete statement is an inaccurate interpretation of the information the trial court is conveying to the appellant and cannot be reasonably interpreted as suggesting that appellant would have the opportunity to file a petition for early release within 180 days. This paragraph warns appellant of the consequences of a violation of community control, and does not suggest a date for filing a petition for release.

**{¶21}** Appellant makes statements within his motion to withdraw his plea and the attached affidavit that show that he was not mislead by the trial court's statement and contradict his assertion that the trial court provided erroneous information.

**{¶22}** In the brief appellant states that "Gornall was informed by counsel that he was eligible for judicial release at 180 days. He then relied on the following exchange with the trial court," after which he describes the statement set out above. In his motion to withdraw his plea and in his affidavit attached to the motion, he described the events as follows:

> This was a clear indication that not only was the defendant eligible for Community Control Sanctions, the trial Court also informed the defendant that he could be released after he came to prison, back into society, but the Court never made mention of when this eligibility date would come into effect. This raised the question to the counsel for the defendant, and counsel replied to defendant that he (defendant) could file for judicial after a period of 180 days of actual prison confinement.

*Defendant's Motion to Withdraw Guilty Plea,* May, 9, 2018, Docket #47, page 2.

**{¶23}** He reiterated the statement in his affidavit, attached to the Motion as Exhibit B where he states: "That the trial Court, in accepting my pleas, led me to believe that I was eligible for judicial release but never told me WHEN (sic) I would become eligible, leading me to be misinformed by my trial counsel."

**{¶24}** Appellant's motion and affidavit demonstrate that he was not confused or misled by the trial court's comments regarding release. At most they prompted him to question his counsel regarding the issue and only then did he purportedly receive incorrect information. For those reasons, we find that the appellant's assertion that the trial court misled him to believe he would be eligible for early release in 180 days is belied by a review of the trial court's entire statement and the statements of appellant and does not warrant further analysis.

**{¶25}** The accusation directed toward trial counsel for incorrect information suffers from a different but no less fatal defect that leads to a rejection appellant's argument and undermines his credibility.

**{¶26}** Appellant's motion to withdraw a guilty plea as well as his affidavit discloses that he learned on March 28, 2018 that he would not be eligible to file for early release within 180 days. Consequently, appellant was well aware of his argument that his trial counsel provided him inaccurate information on that date and he had the opportunity to bring that to the attention of this court. On April 23, 2018 appellant filed a motion to reopen his appeal, alleging ineffective assistance of appellate counsel for failure to argue ineffective assistance of trial counsel. In that context appellant argued that his appellate counsel failed to "raise ineffectiveness of trial counsel for failure to include appellant's childhood sexual abuse, as well as testimony from the treatment center that appellant

voluntarily admitted himself into for treatment." Application for Re-Opening Appeal, April 23, 2018, page 7. That motion was his opportunity to include the newly discovered information that his trial counsel allegedly provided him with seriously incorrect information regarding his ability to file a petition for early release, and that issue was overlooked by appellate counsel. Appellant had knowledge of the alleged error and the opportunity to present it to this court in the context of a motion to reopen his appeal but failed to do so. Under those circumstances, res judicata serves to bar any contention that his counsel was ineffective. Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea." *State v. Kent*, Jackson App.No. 02CA21, 2003–Ohio–6156, ¶ 6.

{¶27} Finally, appellant's behavior under the circumstances strains credibility. Appellant was sentenced on January 6, 2016 to over five decades of imprisonment allegedly with the belief that he would be eligible for release within 180 days of his incarceration. Yet, inexplicably, he failed to take any effort or steps toward release until March 2018 nearly 2 years after he would have been allegedly eligible to file the petition. Under the circumstances it is difficult to accept appellant's contention that he truly believed he would be eligible for early release within 180 days when he failed to take any action to take advantage of that opportunity for years after the trigger date.

{¶28} The first assignment of error is denied.

{¶29} In his second assignment of error, appellant contends that the trial court abused its discretion by failing to conduct an evidentiary hearing. Our disposition of the first assignment of error reveals that the appellant's petition to withdraw is resolved by a

review of the record of the proceedings before the trial court. "An evidentiary hearing is not required for deciding postsentence motions to withdraw a guilty plea where the record conclusively and irrefutably contradicts the allegations in the motion." *State v. Cassell*, 4th Dist. No. 16CA15, 2017-Ohio-769, 79 N.E.3d 588, ¶ 27 Unlike the case of *State v. Milanovich*, 42 Ohio St.2d 46, 49, 325 N.E.2d 540, 542 (1975), the appellant's claims in this case can "be determined by an examination of the petition or the files and records of the case."

{¶30} We hold that the trial court did not abuse its discretion by failing to hold a hearing.  Appellant's second assignment of error is overruled.

{¶31} The decision of the Ashland County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.